[No. 30401. Department One. December 2, 1948.]

RUTH E. FORSBERG, *Respondent*, v. EVERETT TRUST & SAVINGS BANK, *as Executor, et al., Appellants.*[1]

[1]Reported in 200 P. (2d) 499.

*Clarence J. Coleman* and *Thomas G. McCrea*, for appellants.

*Lewis L. Stedman* (of *Stedman & Stedman*), for respondent.

MILLARD, J.—Plaintiff brought this action against the executor of the estate of Phoebe Rhoads, deceased, and certain legatees under the will of the decedent, to enforce an alleged oral agreement between decedent and plaintiff, under the terms of which the parties purchased certain real property with the understanding that each would prepare a will, whereby on the death of either the interest of the deceased would be left to the survivor.

Defendants answered, denying the allegations of the complaint, and, as an affirmative defense, alleged that the action was barred by the statute of frauds, because the agreement was not in writing.

The cause was tried to the court, which found that, early in 1946, Ruth E. Forsberg and Phoebe Rhoads entered into an oral agreement, under the terms of which the former was to endeavor to find a suitable house to be used as a home for the two parties, and that, upon finding such a house, the two parties would purchase same, each furnishing one half of the cost of the property, and that, in the event either of them should die, the interest of the decedent would pass to the survivor.

In reliance upon that agreement, Miss Forsberg found a suitable house which was acceptable to Phoebe Rhoads, and the property was purchased, each furnishing one half of the purchase price. On April 25, 1946, Miss Forsberg executed her will, whereby her interest in the property was to pass, upon her death, to Phoebe Rhoads. On or about May 3, 1946, Mrs. Rhoads had an appointment with her

attorney to change her will to provide that her interest in the property would, upon her death, pass to Miss Forsberg, but, due to the condition of her health, Mrs. Rhoads did not keep the appointment.

On April 22, 1946, a deed to the property, running to Ruth E. Forsberg and Phoebe Rhoads, was placed of record in the office of the auditor for King county. On May 4, 1946, Miss Forsberg and Mrs. Rhoads moved into the premises and occupied it as their home. Phoebe Rhoads died, May 24, 1946, without having executed a new will. The trial court found that the terms of the agreement between the parties were proved by evidence that was clear, definite, certain, precise, and free from obscurities or self-contradiction; and that, by that agreement, the parties agreed to purchase a home for themselves, each to provide one half of the cost thereof, and that, upon the death of either, the entire property should pass to the survivor.

The court concluded that the agreement was partially performed by Miss Forsberg in that she sought and found a house to be used as a home by the parties, surrendered her own apartment, furnished one half of the purchase price of the property, and, on May 4, 1946, moved into the house with Mrs. Rhoads; that, in accordance with the agreement, she executed her will whereby the property would, upon the death of Miss Forsberg, pass to Mrs. Rhoads; and that Mrs. Rhoads partially performed the agreement in that she furnished one half of the purchase price of the property and, on May 4, 1946, moved into the house with Miss Forsberg. In harmony with the conclusion of law that plaintiff is entitled to have the agreement enforced and is entitled to have title to the property quieted in her, judgment was entered accordingly. Defendants appealed.

The question presented is whether the evidence sustains the judgment of the trial court that there was an oral contract between Ruth E. Forsberg and Phoebe Rhoads to devise real estate in consideration of definite acts to be performed, and whether there was sufficient performance of the agreement to meet the bar of the statute of frauds.

Appellants offered no evidence; hence, the evidence,

summarized as follows, is uncontradicted: The real-estate man who sold to Miss Forsberg and Mrs. Rhoads the property involved in this action, testified that the purchasers asked him how to prepare a deed, or how to place the property, so that, in the event one of them died, the other party would retain sole title to the property.

Another witness, who had been acquainted with Mrs. Rhoads for ten years, and with whom she lived in excess of four years prior to moving to Seattle, May 4, 1946, testified that she remembered that, early in 1946, Mrs. Rhoads and Miss Forsberg were endeavoring to purchase the property which is the subject matter of this controversy. She testified that Mrs. Rhoads told her that she and Miss Forsberg had discussed the matter of purchase and decided "that they would each leave the property to the other in case of one's death." This witness positively testified that, following the purchase of the property, Mrs. Rhoads discussed the matter with this witness and a sister of the witness, and definitely stated that she and Miss Forsberg had agreed to leave the property to the survivor in case of the death of either. She testified that both parties stated they had agreed with each other, at the time they purchased the property, that they were each making a will and leaving their half of the property to the other, in case one died.

A sister of this witness testified that Mrs. Rhoads said definitely that she and Miss Forsberg were changing their wills so that, if either one died, "the property would go free and clear to the other party."

Subsequent to the time the parties made the agreement to purchase the property, the earnest-money receipt was shown to Mrs. Rhoads, and a deed was later executed conveying the property to Mrs. Rhoads and Miss Forsberg. The record is clear that each of the parties paid one half of the purchase price. On April 25, 1946, Miss Forsberg executed her will, by the terms of which the property involved in this action was devised to Mrs. Rhoads. A day or two prior to May 4, 1946, Mrs. Rhoads made an appointment with her attorney to change her will, but she could not keep the appointment on account of her health.

One witness testified that Mrs. Rhoads told her she intended at that time to go to her attorney's office and have her will changed, so that she could keep her agreement with Miss Forsberg to devise her half of the property to the latter.

■ There was sufficient performance of the oral contract to take it out of the statute of frauds. The parties made an agreement to purchase the home together, and, as part of the agreement, each would pay one half of the purchase price and occupy it as their home, each would pay one half of the expense, and each would execute a will whereby the survivor would receive the interest in the property of the deceased.

Mrs. Rhoads partially performed her part of the agreement when she paid one half of the purchase price and moved into the premises. Miss Forsberg performed her part of the agreement by first looking for the residence, by having Mrs. Rhoads inspect the property, by paying one half of the purchase price, by arranging for the transaction, by surrendering an apartment that was suitable for her needs, by executing her will leaving the property to Mrs. Rhoads, and by moving into the purchased premises with Mrs. Rhoads. These acts were performed by both parties in reliance upon the agreement that they would each execute a will and would leave the interest of the testator to the survivor.

Respondent has shown, by evidence that is clear and convincing, the existence of an agreement, and partial performance of that agreement on the part of both parties, sufficient to take the case out of the statute of frauds.

■ To warrant a decree of specific performance of an oral contract to devise, absolute certainty as to terms is not exacted; reasonable certainty is sufficient. In this action for specific performance of the agreement to devise, the agreement and its terms have been established by evidence that is conclusive, definite, certain, and beyond all reasonable controversy. There was an oral agreement, as alleged by respondent; there was a part performance of the agreement; and the partial performance was in reliance

upon the agreement. Respondent has sustained the burden required of her under the rule enunciated in *Ellis v. Wadleigh*, 27 Wn. (2d) 941, 182 P. (2d) 49.

The judgment is affirmed.

MALLERY, C. J., SCHWELLENBACH, and HILL, JJ., concur.

SIMPSON, J., dissents.

